IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-CR-0108** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH NEWTON** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M   A N D   O R D E R

Defendant Joseph Newton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docs. 689, 701) will be denied without prejudice.

Under the compassionate release statute, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Newton's motion, however, is premature because he has not yet exhausted his remedies. Section 3582(c)(1)(A) makes clear that the court "may not" modify or reduce a sentence upon motion of a defendant until after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

While Mr. Newton did previously submit a petition to the warden requesting that the BOP move for his compassionate release under 18 U.S.C. § 3582(c)(1)(A),

1

that request—in contrast to his present motion—was not based on the COVID-19 pandemic. (*See* Doc. 701-2.) That request therefore may not be considered for purposes of exhaustion because, as the Western District explained in addressing a similar motion: "One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) (citing *Gadra-Lord v. Doe*, 736 F. App'x 30, 32 (3d Cir. 2018); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (emphasizing the need for "strict compliance" with the exhaustion requirement in the wake of the COVID-19 pandemic); *United States v. Pitt*, No. 1:97-CR-108, 2020 WL 2098272, at *2 (M.D. Pa. May 1, 2020) (Rambo, J.) (denying motion for compassionate release without prejudice where the defendant's prior request to the warden was not based on the COVID-19 pandemic or medical reasons).

Mr. Newton thus must first properly petition the warden to bring a motion on his behalf and may only move this court after he exhausts all his administrative remedies or allows 30 days to lapse from the warden's receipt of such petition. Accordingly, Mr. Newton's motion for compassionate release is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: September 18, 2020